E-FILED
Wednesday, 21 August, 2024  12:55:05 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOHN CRAMPTON, III | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: |
| | ) |
| SAMUEL LITTLE, TOM WILEY and | ) |
| ERIC DUSENBERRY | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES, plaintiff, John Crampton, III by and through his attorney Stephen T. Fieweger, P.C. and for his complaint against the defendants Samuel Little, Tom Wiley and Eric Dusenberry and in support of his complaint hereby states as follows:

**Count I - 42 USC §1983 Violation of Fourth Amendment**

1.    That John Crampton, III is a resident Hampton, Rock Island County, Illinois.

2.    That defendants Samuel Little, Thomas Wiley and Eric Dusenberry are police officers employed by the Village of Colona, Illinois.

3.    That this court has subject matter jurisdiction over this cause of action pursuant to 28 USC §1331 and 42 USC §1983.

4.    That on June 21, 2023 plaintiff John Crampton, III  was a patron of the Grease Monkey Bar and Restaurant in Colona, Illinois.  On this date John was 77 years old.

5.    That John Crampton had consumed alcoholic beverages at the Grease Monkey to the point in which he determined that it was not safe for him to drive a motor vehicle.

6.      That another patron from the Grease Monkey Steven Garland, offered to drive John Crampton home driving Crampton's truck.

7.      That on June 21, 2023 John Crampton got in the passenger seat of his truck and Steve Garland got into the driver's seat of the truck.

8.      That the defendants Little, Dusenberry and Wiley approached the truck and demanded that its occupants give them their names.

9.      That John Crampton gave the officers his name and address and informed the officers that he was going to have Steve Garland drive him home.  Plaintiff remained seated on the passenger seat of the truck.

10.     That the defendants Little and Dusenberry used excessive force by grabbing plaintiff by his right and left arms and Dusenberry reached into the truck and unbuckled Crampton's seat belt.  Little and Dusenberry proceeded to then pull John Crampton out of the truck and pin him against the side of the truck.

11.     That plaintiff Crampton informed the defendant officers that if they were going to hand cuff him that he had bad shoulders and requested that they hand cuff him with his hands in front of him.

12.     That the defendants Dusenberry and Little ignored John Crampton's statements and request and proceeded to yank both of John's arms behind him lifting him up and placing hand cuffs on him.

13.     That defendants Dusenberry, Willey or Little notified plaintiff that he was under arrest but they did not him read his Miranda rights.

2

14.     That the defendants transported plaintiff to the Colona Police Department and charged John Crampton with resisting arrest and obstructing police officers.

15.     That the state court criminal charges filed against John by the defendants were subsequently dismissed in Henry County, Illinois Case No. 2023CM109 since there was no legal basis for charging Mr. Crampton with resisting a police officer since he was not being arrested for an underlying offense.

16.     That the defendants actions were not subject to a qualified privilege since it was commonly known that one could not arrest and charge someone with resisting arrest and obstructing police officers when there was no underlying crime committed by the plaintiff.

17      That the defendants Little, Dusenberry and Wiley violated John Crampton's constitutional rights from illegal search and seizure under the Fourth Amendment of the United States Constitution and are liable to the plaintiff under 42 USC §1983.

18.     That defendants Dusenberry and Little used excessive force in physically removing plaintiff from the truck and handcuffing him in violation of his Fourth Amendment rights.

19.     That in the process of detaining and handcuffing plaintiff the defendants injured plaintiff's right and left wrists, right and left elbows and right and left shoulders and as a proximate result plaintiff has sustained damages equal to past medical expenses, will incur future medical expenses, has sustained pain and suffering in the past and is reasonably expected to sustain pain and suffering in the future, he has sustained loss of normal life in the past and is reasonably expected to sustain damages of loss of normal life in the future and he has had to pay

persons to complete work on a home he had been constructing all to his damages in an amount in excess of $100,000.00.

20.    That the defendants conduct in violating plaintiff's Fourth Amendment rights was willful and intentional thereby entitling plaintiff to recover punitive or exemplary damages against the defendants jointly and severally.

21.    That plaintiff is entitled to recover his costs including his reasonable attorney fees and expert fees pursuant to 42 USC §1988.

WHEREFORE, plaintiff John Crampton, III hereby requests that this court enter a judgment in his favor and against the defendants Little, Dusenberry and Wiley in an amount of compensatory and punitive damages in excess of $100,000.00 plus award plaintiff his costs and attorney fees and expert fees.

### Count II – Battery Against Defendants Dusenberry and Little

Now comes the plaintiff John Crampton, III by and through his attorney Stephen T. Fieweger and for Count II of his complaint against the defendants Little and Dusenberry and in support thereof states as follows:

1-15.    Plaintiff repeats and realleges paragraphs 1 through 15 of Count I as paragraphs 1 through 15 herein.

16.    That the defendants Little and Dusenberry battered plaintiff by grabbing him by the arms, pulling him out of the vehicle, shoving him against the truck and forcibly placing his arms behind his back and handcuffing him.

4

17.    As a direct and proximate result of the battery inflicted by Little and Dusenberry plaintiff John Crampton sustained injuries to his right wrist, left wrist, right elbow, left elbow, right shoulder and left shoulder and has sustained damages equal to past pain and suffering and future pain and suffering, past medical expenses, future medical expenses, past loss of normal life and future loss of normal life all to his damages in an amount in excess of $100,000.00.

18.    That the defendants Dusenberry and Little actions were intentional and were meant to harm the plaintiff and plaintiff is entitled to recover punitive damages or exemplary damages against defendants Dusenberry and Little in an amount to be determined by the trier of fact.

19.    That this court has supplemental jurisdiction over this claim under 28 US §1367.

WHEREFORE, plaintiff John Crampton, III hereby requests that this court enter a judgment in his favor and against the defendants Samuel Little and Eric Dusenberry in an amount in excess of $100,000.00 plus the costs of this action.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

John Crampton, Plaintiff

/s/Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone:  563.424.1982
Fax:  563.424.1983
Email:  sfieweger@fiewegerlaw.com