E-FILED
Tuesday, 10 December, 2024  02:41:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOHN CRAMPTON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04156-SLD |
| | ) | |
| SAMUEL LITTLE, TOM WILEY, and | ) | |
| ERIC DUSENBERRY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Plaintiff John Crampton, III alleges that Defendants Samuel Little, Tom Wiley, and Eric Dusenberry ("Defendants")—police officers employed by the Village of Colona, Illinois—violated his Fourth Amendment rights when they arrested him. *See generally* Compl., ECF No. 1. Plaintiff also alleges that Little and Dusenberry ("Battery Defendants") battered him. *Id.* at 4–5.[1] Pending before the Court is Battery Defendants' Motion to Dismiss Count II of Plaintiff's Complaint and Memorandum of Law in Support, ECF No. 9. For the reasons that follow, the motion is GRANTED.

**BACKGROUND[2]**

On June 21, 2023, Plaintiff patronized Grease Monkey Bar and Restaurant in Colona, Illinois. He consumed alcoholic beverages and determined that it was unsafe to drive himself home. Another patron, Steven Garland, offered to drive Plaintiff home in Plaintiff's truck. Plaintiff agreed—Garland got into the driver's seat and Plaintiff got into the passenger's seat. At

---

[1] The paragraphs of Plaintiff's Complaint are inconsistently numbered, so the Court cites to it using page numbers.
[2] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the nonmovant]'s favor." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). Unless otherwise noted, the factual background is drawn from Plaintiff's Complaint.

this point, Defendants approached the truck and demanded that the truck's occupants give them their names.  Plaintiff complied, informing the officers of his name, address, and plan to have Garland drive him home in his truck.  Plaintiff remained seated in the truck's passenger seat.

Battery Defendants then grabbed Plaintiff's right and left arms and reached into the truck, unbuckling his seatbelt.  They pulled him out of the truck and pinned him against the truck's side.  Despite his statements and requests, they "yank[ed]" his arms behind him, lifting him up and placing handcuffs on him.  Compl. 2.  He was transported to the Colona Police Department and charged with "resisting arrest and obstructing police officers."  *Id.* at 3.  The charges against him were ultimately dismissed.  As a result of Battery Defendants' conduct, he sustained injuries to his wrists, elbows, and shoulders, among other harms.

On August 21, 2024, Plaintiff sued Defendants in this Court, invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367 to pursue his battery claim against Battery Defendants as Count II.  *Id.* at 5.  Battery Defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Count II with prejudice, asserting that Plaintiff fails to state a claim upon which relief can be granted because his Complaint pleads facts sufficient to establish that the relevant statute of limitations had run before he filed his Complaint.  *See generally* Mot. Dismiss Count II.  Plaintiff did not respond to Battery Defendants' motion.

## DISCUSSION

### I.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At the motion to dismiss stage, the key inquiry is whether the complaint is "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis."  *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934

(7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). While "detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must take "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, . . . [as] true," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013), and "draw all inferences in the light most favorable to the nonmoving party," *Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

## II.    Analysis

Plaintiff's failure to respond means he has waived any arguments in opposition and the Court may dismiss Count II so long as Battery Defendants' provided basis for doing so is plausible. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999); *Diggs v. Lowe's Home Ctrs., LLC*, 21 C 4544, 2022 WL 3543496, at *2 (N.D. Ill. Aug. 18, 2022) (collecting cases for the proposition that failing to respond to a plausible argument for dismissal constitutes waiver). Battery Defendants' 12(b)(6) motion is premised upon the expiration of a statute of limitations, which is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). "[A] plaintiff's complaint need not anticipate or refute potential affirmative defenses." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022). However, some affirmative defenses "may be raised in a motion to dismiss if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quotation marks omitted). "[D]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads h[im]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

Generally, under Illinois law,[3] personal injury claims like battery are subject to a two-year statute of limitation.  *See, e.g.*, *Thompson v. Village of Monee*, No. 12 C 5020, 2013 WL 3337801, at *24 (N.D. Ill. July 1, 2013) (citing 735 ILCS 5/13–202).  However, the Illinois Local Government Employees Tort Immunity Act shortens the statute of limitations for a claim of personal injury, including battery, to just one year for certain claims asserted against local governmental entities or employees thereof.  *See* 745 ILCS 10/8-101(a).[4]  A plaintiff who asserts that he was battered by a local governmental unit's employee that was acting within the scope of his employment must bring that claim within one year of its accrual.  *See Thompson*, 2013 WL 3337801, at *24; *see also Slabon v. Sanchez*, No. 15-cv-8965, 2021 WL 4146909, at *20–21 (N.D. Ill. Sept. 13, 2021), *aff'd*, No. 21-2729, 2023 WL 3451274 (7th Cir. May 15, 2023); *Snyder v. Village of Midlothian*, 302 F.R.D. 231, 233–34 (N.D. Ill. 2014).  Under Illinois law, a claim for battery "accrues on the day that the injury occurred."  *Slabon*, 2021 WL 4146909, at *20 (collecting cases).

Battery Defendants argue that Plaintiff's claim of battery is barred by the one-year statute of limitations set forth in the Illinois Local Government Employees Tort Immunity Act because Plaintiff alleges that he was battered by employees of the Village of Colona on June 21, 2023, yet he waited until August 21, 2024 to file his lawsuit, which is "two months past the expiration

---

[3] A court exercising supplemental jurisdiction over a claim pursuant to 28 U.S.C. § 1367—which grants jurisdiction "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy"—may "simply apply the forum state's substantive law" to that claim in the absence of a dispute regarding choice of law.  *See, e.g.*, *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).  Battery Defendants assert that Count II is governed by Illinois law.  Mot. Dismiss Count II 3–5.  Plaintiff's Complaint does not specify a particular body of law for Count II, *see* Compl. 4–5, and he did not respond to Battery Defendants' motion, so the Court applies the substantive law of the forum state, Illinois, *see McCoy*, 760 F.3d at 684.
[4] Claims of injury stemming from medical malpractice are still subject to a two-year statute of limitation.  745 ILCS 10/8-101(b); *see also Kaufmann v. Schroeder*, 946 N.E.2d 345, 349 (Ill. 2011) ("[B]y adding subsection (b), a person who suffers injuries arising out of patient care would not be disadvantaged by a shortened limitations period simply because he or she happened to obtain treatment at a public facility rather than a private one.").

4

of the statute of limitations."  Mot. Dismiss Count II 5.  This case is materially indistinguishable from *Snyder*, in which the court granted a motion to dismiss on statute of limitations grounds. There, the plaintiff alleged that, on November 24, 2011, he was beaten with a baton without provocation by a police officer who subsequently arrested him, that he was charged with "aggravated assault and resisting a police officer," and that the charges were subsequently dropped.  *Snyder*, 302 F.R.D. at 233.  The court granted the police officer's 12(b)(6) motion because the plaintiff's suit was not filed until November 20, 2013, which was outside the one-year statute of limitations applicable to the plaintiff's claim of battery.  *See id.* at 233–34.  Here, Plaintiff did not file suit until fourteen months after he was allegedly injured by police officers while they arrested him—therefore, his claim is plainly barred.  The Court finds that Battery Defendants have provided a plausible basis to dismiss Count II and that Plaintiff has effectively pleaded himself out of court because his claim of battery against Battery Defendants is barred by the one-year statute of limitations set forth in 745 ILCS 10/8-101(a).

The only remaining issue is whether Plaintiff should be given leave to amend his claim. Leave to amend should be "freely" given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and a plaintiff ordinarily should be given a second chance to properly plead his claim, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).  However, "district courts have broad discretion to deny leave to amend . . . . where the amendment would be futile."  *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).  Here, amendment would be futile—no additional allegations can change Plaintiff's injury date, Battery Defendants' employer, or Plaintiff's Complaint's filing date.  Leave to amend is unwarranted.

**CONCLUSION**

Accordingly, Defendants Samuel Little and Eric Dusenberry's, Motion to Dismiss Count II of Plaintiff's Complaint and Memorandum of Law in Support, ECF No. 9, is GRANTED. Count II of Plaintiff John Crampton, III's Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.

Entered this 10th day of December, 2024.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
